IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 1 2010

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

DAVID JOE ROWLAND,                    §
                                      §
                Petitioner,           §
                                      §
v.                                    §     No. 4:09-CV-630-A
                                      §
RICK THALER, Director,                §
Texas Department of Criminal          §
Justice, Correctional                 §
Institutions Division,                §
                                      §
                Respondent.           §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed by petitioner, David Joe Rowland, a state
prisoner currently incarcerated in Lovelady, Texas, against Rick
Thaler, Director of the Texas Department of Criminal Justice,
Correctional Institutions Division, respondent.  After having
considered the pleadings, state court records, and relief sought
by petitioner, the court has concluded that the petition should
be denied.

### I.  Factual and Procedural History

In 2002 petitioner was indicted for aggravated robbery with
a deadly weapon, a firearm, in the 371st District Court of
Tarrant County, Texas, Case No. 0871842D.  (Clerk's R. at 2)  On

October 1, 2004, petitioner was given and signed written plea admonishments waiving his right to a jury trial and entered an open plea of guilty to the trial court. (*Id.* at 171) The trial court ordered preparation of a presentence investigation report (PSI), and the punishment phase of petitioner's trial commenced on March 14, 2005. (*Id.* at 175) Following witness testimony and consideration of the evidence, the court assessed petitioner's punishment at eighteen years' confinement. (*Id.* at 177)

Petitioner appealed his conviction, raising a speedy trial claim, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Rowland v. Texas*, No. 10-05-178-CR (Tex. App.–Waco Feb. 26, 2004) (not designated for publication); *Rowland v. Texas*, PDR No. 1110-06 . Petitioner did not seek writ of certiorari. (Petition at 3) Petitioner filed a state application for writ of habeas corpus, raising the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Rowland*, Appl. No. WR-69,392-04, at cover, 142. This federal petition followed.

The record reflects that, on December 11, 2002, petitioner robbed a convenience store at gunpoint in Fort Worth, Texas.

2

(RR, vol. 2, at 9-20)  Shortly after the robbery, petitioner was pursued by law enforcement officers during a 40-minute chase through Fort Worth, Arlington, and Grand Prairie.  His car overheated and stopped running, and a five-hour standoff with police ensued.  (*Id.*, vol. 3, State's Ex. #15 at 6)  During negotiations with police, the primary negotiator audiotaped his telephonic communications with petitioner, and another law enforcement officer made handwritten notes.  (*Id.* at 29-41)  Eventually, petitioner was forcibly extracted from the car, during which time he suffered various injuries to his head and right arm.  (RR, vol. 2, at 43, 179 & vol. 3, State's Ex. #15 at 6-8)  After the fact, petitioner admitted to being under the influence of drugs at the time of the offense and that he committed the offense to obtain money for drugs.  (RR, vol. 3, State's Ex. #15 at 8)

## II.  Issues

Petitioner raises the following claims for relief:

(1)  The state committed reversible error by denying him his right to self-representation at trial;

(2)  The state committed reversible error by denying him due process and access to the courts in that he was not present at all pre-trial hearings and court proceedings;

(3)  The state committed reversible error where his

conviction was obtained by the privilege against
self-incrimination;

(4) The state committed reversible error by obtaining
a conviction by a guilty plea that was unlawfully
induced and not made knowingly and voluntarily as
to the nature of the charges and the consequences
of the plea (which actually states a claim that
the state committed a <u>Brady</u> violation);

(5) The trial court committed reversible error by
denying the necessary fees requested by his court-
appointed expert, in violation of equal
protection;

(6) He received ineffective assistance of counsel on
appeal;

(7) He received ineffective assistance of trial
counsel; and

(8) The trial court abused its discretion in various
respects.

(Pet'r "Grounds Attachment" at 1-13)

The claims are multifarious and addressed herein as
thoroughly as practicable.

### III. Rule 5 Statement

Thaler believes that petitioner has sufficiently exhausted
his state remedies as required by 28 U.S.C. § 2254(b)(1) and that
his petition is neither untimely nor successive. (Resp't Answer
at 3)

### IV. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf

of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Factual

determinations by a state court are presumed correct.[1]  *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## V.  Guilty Plea

A guilty plea must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances

---

[1]Petitioner argues there should be no presumption of correctness or deference given to the state habeas court's findings on his habeas petition because the state habeas judge conducted only a paper hearing and because the trial judge and the state habeas judge were not the same.  Contrary to petitioner's assertions, however, a state court's factual determinations are entitled to a presumption of correctness under § 2254(e)(1), regardless of whether the state habeas court held a live evidentiary hearing, versus a paper hearing, or whether the state habeas judge was the same judge who presided at trial.  *See Morrow v. Dretke,* 367 F.3d 309, 315 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 951 (5th Cir. 2001); *Carter v. Johnson,* 131 F.3d 452, 460 n.13 (5th Cir. 1997); *Hudson v. Quarterman,* 273 Fed. Appx. 331, 334 (5th Cir. 2008).

and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). Thus, before a trial court may accept a guilty plea, the court must ensure that the defendant is advised of the consequences of his plea and the various constitutional rights that he is waiving by entering such a plea. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). A defendant's solemn declarations in open court are presumed true, and a defendant generally may not recant sworn testimony made at a plea proceeding. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)

The state habeas court conducted a hearing by affidavit. (State Habeas R. at 45-49) Petitioner's trial counsel, Fred Cummings, testified in his affidavit that he met with petitioner on numerous occasions in jail and at docket settings and sought and obtained a court-appointed investigator and a mental health expert to assist in preparation of the defense. Counsel further

7

testified that petitioner was very involved in the development of the defense, communicated frequently with him by letter, and, having been informed of his legal options, made the decision to plead guilty without the benefit of a plea bargain, and expressed that decision in a letter to counsel. (*Id.* at 122) Finally, counsel testified that before the plea he answered petitioner's numerous questions and went over the Written Plea Admonishments and Waivers with him line-by-line.

The state habeas court also entered the following findings relevant to the issue:

> 37. Applicant was admonished in accordance with article 26.13 of the Texas Code of Criminal Procedure.
>
> 38. Applicant acknowledged by his signature that he was pleading guilty to aggravated robbery with a deadly weapon.
>
> 39. Applicant acknowledged by his signature that he was facing a punishment range of five to ninety-[nine] years confinement and that the trial court could punish him anywhere within the punishment range.

(*Id.* at 146)

Based on counsel's testimony and its own findings, the state court concluded petitioner had failed to prove that he was unaware as to what offense to which he was pleading, the charges against him, the range of punishment he was facing, or the consequences of his plea and that, absent evidence sufficient to

8

overcome the presumption that his guilty plea was regular, his plea was knowingly, freely, and voluntarily made. (*Id*. at 153-54) The Texas Court of Criminal Appeals denied relief on the findings of the trial court.

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of the state court's factual findings. Thus, applying the presumption of correctness, the state courts' determination of the issue is not contrary to, or involve an unreasonable application of, clearly established federal law on the issue. There is no reporter's record of the plea proceeding, however the documentary record reflects that petitioner pled guilty to committing aggravated robbery with a deadly weapon as alleged in the indictment. (State Habeas R. at 176) Petitioner declared under oath, in writing and in open court, that he was mentally competent, that he understood the admonishments from the trial court, and that he was aware of the consequences of his plea, including the applicable range of punishment. (*Id*. at 174) Petitioner, joined by his trial counsel, the prosecutor, and the trial court, signed a judicial confession in which petitioner swore that he committed the offense as alleged in the indictment, and he persisted in his guilty plea on the day his trial on

punishment commenced. Additionally, the record reflects trial counsel believed petitioner was mentally competent, knowingly, intelligently, and voluntarily waived his rights, and entered a guilty plea understanding the consequences thereof. (*Id*. at 176) Further, the trial court expressly ascertained that, after observing petitioner in court, he was mentally competent to enter his guilty plea and his plea was intelligently, freely, and voluntarily made. (*Id*. at 149, 177)

These records show that petitioner was advised of the charges, as well as the consequences of his plea, that he was mentally competent, and that his decision to plead guilty was voluntary and informed. Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. The allegations made by petitioner in his state habeas application and this federal petition are conclusory and do not overcome this barrier. Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Consequently, the state courts' express or implied findings that petitioner was mentally competent to stand trial and that his guilty plea was knowing and

voluntary is entitled to the presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1); *Patterson v. Dretke,* 370 F.3d 480, 484 (5th Cir. 2004); *Roberts v. Dretke,* 356 F.3d 632, 639 (5th Cir. 2004).

A voluntary and informed guilty plea waives all nonjurisdictional defects in the proceedings against a defendant preceding the plea, including constitutional ones, that do not implicate the voluntariness of the guilty plea, *see infra. See Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *Haynes v. Butler,* 825 F.2d 921, 924 (5th Cir. 1987); *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983); *Utsman v. Texas,* 485 S.W.2d 573, 574 (Tex. Crim. App. 1972).

## VI. Discussion of the Issues

### (1) Self-Representation

Petitioner claims he was denied his right to self-representation at trial. (Pet. "Grounds Attachment" at 1) Petitioner's trial counsel responded to the claim as follows:

> Applicant filed a Motion for Substitution of Counsel on April 13, 2004, a Motion for Self Representation along With Appointed Counsel on April 20, 2004, a Motion for Self-Representation on August 13, 2004, a Declaration of Conflict Between Attorney and Client on September 3, 2004, a Declaration of Conflict Between Attorney and Client (with attachments), and a Motion for Self-Representation Along With Appointed Counsel on December 9, 2004. I

believe Applicant would file these motions if he felt I
was not giving him enough attention, or if I declined
to help him on his civil suit or pending criminal
allegations in other jurisdictions, or if I declined to
give him copies of reports contrary to the local open
file agreement with the DA's Office, or if I gave him
information that was factually and legally accurate but
inconsistent with his goal of not going to the
penitentiary.  I also attributed these motions to
Applicant's bipolar disorder and paranoia.  Each time I
became aware that Applicant had filed one of the above
(and I was not always aware that he had) I would go see
him in jail and attempt to resolve whatever was
upsetting him.  On September 1, 2004, Applicant had an
opportunity to discuss his requests for pro se
representation or hybrid Representation with Judge
James Wilson in the jury room during the time Applicant
was reviewing the videotapes with Counsel.  At that
time, Applicant agreed that [sic] to withdraw his
requests and to proceed with me as his lawyer.  On
October 1, 2004, Applicant withdrew all pre-trial
motions as part of his open plea to the court.

(*Id.* at 49)

The state habeas court entered findings consistent with

counsel's testimony and concluded that, although a defendant has

a constitutional right to proceed without counsel when he

voluntarily and intelligently elects to do so under *Faretta v.*

*California*, 422 U.S. 6806, 807 (1975), a defendant does not have

the right to hybrid representation.  (*Id.* at 144, 152)  The court

further concluded there was evidence that petitioner waived his

motions for self-representation after talking with the trial

court.  The Texas Court of Criminal Appeals denied petitioner's

12

state habeas application on the findings of the state habeas court.

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of the state court's factual findings. Thus, applying the presumption, the state courts' denial of the claim is not contrary to, or involve an unreasonable application of, clearly established federal law on the issue. The right to self-representation may be waived through subsequent behavior. *Brown v. Wainwright,* 664 F.2d 607, 610-11 (5th Cir. 1982) (en banc). Petitioner's knowing and voluntary guilty plea, while represented by counsel, waives his Sixth Amendment right to self-representation. *United States v. Moussaoui*, 591 F.3d 263, 279-80 (4th Cir. 2010) (denial of right to self-representation waived by voluntary guilty plea); *Gomez v. Berge,* 434 F.3d 940, 943 (7th Cir. 2006) (same); *United States v. Montgomery,* 529 F.2d 1404, 1406 (10th Cir. 1976) (same)

### (2) Pretrial Hearings

Petitioner claims he was denied due process and access to the courts by the state's failure to secure his presence at all pretrial hearings in his case. (Pet'r "Grounds Attachment" at 2) Petitioner's trial counsel responded to the claim as follows:

13

Applicant was present in the courtroom during his plea of guilty and during his Sentencing Hearing. There were no other hearings in Applicant's case. Applicant was not present during discussions between defense counsel and the prosecutors. Tarrant County uses a docketing system that involves several preliminary settings to encourage the prosecutor and defense lawyer to discuss their case. Defendants are brought to court to be readily available to their lawyer for communications. Defendants are not brought into the courtroom unless there is a reason, such as a plea of guilty or a pre-trial hearing. There were settings after Applicant was transferred back from Montague County, Texas when he was not brought to court because he was considered an escape risk.

(State Habeas R. at 48)

The state habeas court entered findings consistent with counsel's testimony and, citing to state law on the issue, concluded petitioner had failed to show that he was not allowed to be present at pretrial hearings and court proceedings. (*Id.* at 146, 152) *See* TEX. CODE CRIM. PROC. ANN. art. 33.03 (Vernon 2006) (providing "In all prosecutions for felonies, the defendant must be personally present at the trial . . . .") The Texas Court of Criminal Appeals denied the claim without written order on the findings of the trial court.

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of the state court's factual findings. Thus, applying the presumption, the state courts' denial of the claim is not

contrary to, or involve an unreasonable application of, clearly established federal law on the issue. The Due Process Clause guarantees a defendant "the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer,* 482 U.S. 730, 745 (1987). The pretrial hearings from which petitioner was absent were not critical to the outcome of his case. *See Sturgis v. Goldsmith,* 796 F.2d 1103, 1111 (9th Cir. 1986) (stating the "right of presence . . . does not come into play in a proceeding in which guilt or innocence is not being adjudicated"). Nevertheless, petitioner's knowing and voluntary guilty plea waives any due process claim regarding his presence at pretrial hearings. *See Tollett,* 411 U.S. at 267.

### (3) Privilege Against Self-Incrimination

Petitioner claims his constitutional privilege against self-incrimination was violated by law enforcement officers who elicited his recorded statements without the benefit of *Miranda* warnings and while he was in pain from his injuries. (Pet'r "Grounds Attachment" at 3)

The state habeas court entered the following findings relevant to this claim:

33.  The tapes were of hostage negotiations and
             not of custodial interrogation statements.

        34.  Applicant had been involved in a car pursuit
             with police and ended when his car broke
             down.

        35.  The negotiator was sent out because Applicant
             refused to come out of the vehicle and had
             weapons inside the car with him.

        36.  The negotiator was sent out to assist in
             negotiating and getting Applicant out of the
             car and not to interrogate him.

(State Habeas R. at 146) (citations omitted)

        Based on its findings, and citing Supreme Court precedent,

the state court concluded that, although the state may not use

statements stemming from a custodial interrogation unless it

demonstrates the *Miranda* safeguards were satisfied, petitioner

was not "in custody" and subjected to "interrogation" during the

standoff.  Instead, the court noted that petitioner was sitting

in his car with several weapons posed a threat to the public

safety and himself.  Under the circumstances, the court concluded

"the need for answers to questions in a situation posing a threat

to the public safety outweighs the need for the prophylactic rule

protecting the Fifth Amendment's privilege against self-

incrimination."  (*Id.* at 153)  The Texas Court of Criminal

Appeals denied the claim without written order on the findings of

the trial court.

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of the state court's factual findings. Thus, applying the presumption of correctness, the state courts' denial of the claim is not contrary to, or involve an unreasonable application of, clearly established federal law on the issue. *See Miranda v. Arizona*, 84 U.S. 436, 444 (1966); *New York v. Quarles*, 467 U.S. 649, 657 (1984). Petitioner's knowing and voluntary plea waives the protection against self-incrimination during the plea proceedings. *Florida v. Nixon*, 543 U.S. 175, 187 (2004). And, although a defendant who has pleaded guilty retains the right against providing self-incriminatory sentencing information, the audiotapes in question fall into the "public safety" exception to the requirement that *Miranda* warnings be given before a suspect's incriminating answers may be admitted into evidence. *Quarles*, 467 U.S. at 657.

### (4) *Brady* Material

Petitioner claims his guilty plea was unlawfully induced and was not made knowingly or voluntarily because the state withheld material exculpatory evidence at sentencing. (Pet'r "Grounds Attachment" at 4-5) Specifically, he complains the state

withheld a portion of the handwritten notes taken by the law enforcement officer during the standoff and a videotape of a burglary in progress in Montague County, Texas, for which criminal charges were pending against him, that would have shown he was innocent of the charges.

The state habeas court entered the following findings relevant to this claim:

43. Applicant presents no evidence to support his claim that the handwritten notes of questioning/negotiations between police negotiator and Applicant contained favorable evidence.

44. Applicant presents no evidence to support his claim that the State had a video recording showing that Applicant was innocent of the Montague County burglary of a building that was presented as an extraneous offense.

45. The State's Motion to Introduce Evidence only lists the [Montague] offense and location.

46. There is no evidence in the record that supports Applicant's claim that the State had a video recording showing that Applicant was innocent of the Montague County burglary of a building that was presented as an extraneous offense.

47. The State questioned Applicant regarding the fact that a witness identified Applicant as the person in the videotape.

48 There is no evidence that the State failed to disclose exculpatory evidence to the defense.

(State Habeas R. at 146-47) (citations omitted)

Based on its findings, the state court concluded petitioner had failed to prove that the state failed to disclose evidence in violation of *Brady*. (*Id.* at 156) The Texas Court of Criminal Appeals denied the claim without written order on the findings of the trial court.

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of the state court's factual findings. Thus, applying the presumption of correctness, the state courts' denial of the claim is not contrary to, or involve an unreasonable application of federal law on the issue. Petitioner's knowing and voluntary guilty plea waives any *Brady* claim preceding the plea. *Orman v. Cain,* 228 F.3d 616, 617 (5th Cir. 2000).

Moreover, although the state's *Brady* obligation extends to evidence that is material to punishment, petitioner provides no evidentiary basis for his claim that the state withheld material, exculpatory evidence. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Instead, the record demonstrates that the defense was in possession of all the handwritten notes taken by law enforcement during the negotiations before trial. Petitioner actually introduced the handwritten notes at the sentencing hearing as Defense Exhibit No. 1, and the evidence was before the trial

court for consideration in assessing petitioner's punishment.
The record also establishes that the state notified petitioner
well in advance of trial that it intended to introduce evidence
of the extraneous burglary, that the offense was "memorialized on
video," and that petitioner had been identified on the videotape
by two witnesses.  (Clerk's R. at 168)

### 5. Expert Witness Fees

Petitioner claims his right to equal protection was violated
because the trial court denied the necessary fees requested by
his expert witness, Dr. Kelly Goodness, resulting in an
incomplete diagnosis for an insanity or diminished capacity
defense or in mitigation of his punishment.  (Pet'r "Grounds
Attachment" at 6)  In response to this claim, counsel testified
that he requested funding for a mental health expert, the request
was granted, he was not limited by the funding provided, and Dr.
Goodness "ruled out" an insanity defense before trial.  (State
Habeas R. at 45, 48)  The state habeas court entered findings
consistent with counsel's testimony and, absent any evidentiary
basis in support of the claim, concluded petitioner was not
denied necessary fees and expert witness expenses.  (*Id.* at 154)
The Texas Court of Criminal Appeals denied the claim without
written order on the findings of the trial court.

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of the state court's factual findings. Thus, applying the presumption of correctness, the state courts' denial of the claim is not contrary to, or involve an unreasonable application of federal law on the issue. The record supports counsel's testimony. Thus, petitioner cannot show he was denied any constitutional right. *Ake v. Oklahoma*, 470 U.S. 68, 77-83 (1985) (holding that the Due Process Clause of the Fourteenth Amendment requires the appointment of an expert for an indigent defendant if an expert would be necessary to provide the defendant with the "basic tools" to present a defense).

### (6) and (7) Ineffective Assistance of Counsel

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against

appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for the substandard performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id*. at 687, 697.

In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id*. at 689. Unsubstantiated allegations of ineffective assistance are insufficient to support an ineffective assistance claim. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (providing that, absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his petition, unsupported by anything else contained in the record, to be of probative evidentiary value).

**(a) Trial Counsel**

Petitioner claims he received ineffective assistance of

trial counsel during the pretrial and sentencing proceedings because counsel failed to (1) fully test the state's case, (2) locate and interview a potential eye witness, (3) file a motion to suppress his statements to law enforcement officers during and/or after the standoff, (4) interview the victim and law enforcement officers, (5) listen to the audiotapes of the questions/interrogation between him and law enforcement officers, (6) put forth an insanity defense, (7) object to the inclusion of extraneous offenses in the presentence investigation report (PSI), (8) include petitioner in his own defense, rendering his guilty plea unknowing (9) motion the trial court for probation or deferred adjudication, (10) assert and advocate his constitutional rights to access to the courts and law library, to a speedy trial, and to have his bond reduced, and (11) fully investigate the prior and extraneous offenses used against him by the state. (Pet'r "Grounds Attachment" at 8-11)

Petitioner's knowing and voluntary guilty plea waives all claims of ineffective assistance of trial counsel preceding the plea that do not implicate the voluntariness of his guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). Thus, claims (1) through (6), (8), and (10), enumerated above, are waived.

Addressing the remaining claims, petitioner claims counsel failed to object to the inclusion of extraneous offenses in the presentence investigation report (PSI) and to fully investigate the prior and extraneous offenses used against him by the state. (Pet'r "Grounds Attachment" at 10-11) Counsel responded to this claim as follows:

> I delivered a copy of the Presentence Investigation Report to Applicant on December 17, 2004. Applicant and I reviewed the report in detail on March 3, 2005. Applicant believed the report could have been worse and we discussed the areas we wanted to emphasize to the judge during the hearing. Applicant did just that during his testimony and he explained each of the extraneous convictions and allegations against him. Our focus was to obtain deferred adjudication and the use of the PSI was a calculated risk for that goal.

(State Habeas R. at 49)

The state habeas court entered findings of fact consistent with counsel's testimony and, applying the *Strickland* standard, concluded petitioner had failed to show his trial counsel's representation fell below an objective standard of reasonableness or a reasonable probability that, but for counsel's alleged omissions, the result of the sentencing proceeding would have been different. (*Id.* at 151, 158-59) The Texas Court of Criminal Appeals denied the claim without written order on the findings of the trial court.

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of the state court's factual findings.  Thus, applying the presumption of correctness, the state courts' denial of the claim is not contrary to, or involve an unreasonable application of, *Strickland*.  "Strategic choices made [by counsel] after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  *St. Aubin v. Quarterman*, 470 F.3d 1096 (5th Cir. 2006).

Moreover, under state law, evidence of extraneous offenses is admissible during the punishment phase.  *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 (Vernon Supp. 2009).  A defendant's allegation that information contained in his PSI report is factually inaccurate does not render the report inadmissible.  *Stancliff v. State,* 852 S.W.2d 630, 631-32 (Tex. App.–Houston [14[th] Dist.] 1993, pet. ref'd).  Petitioner bore the burden to point out any material inaccuracies in the PSI to the trial court at the time of the sentencing hearing.  *See Garcia v. State,* 930 S.W.2d 621, 623-24 (Tex. App.–Tyler 1996, no pet.); *Stancliff,* 852 S.W.2d at 632.  *See also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9(a), (e).  Toward that end, counsel questioned petitioner regarding his criminal history, including the pending burglary

charges in Montague County, and petitioner was given the opportunity to explain each offense or charge.  (RR, vol. 2, at 162-93)  Petitioner's conclusory argument that counsel failed to investigate his prior convictions and extraneous offenses is insufficient to support a claim of ineffective assistance of counsel.  *Green,* 160 F.3d at 1042.

Petitioner claims counsel was ineffective by failing to motion the trial court for probation or deferred adjudication. (Pet'r "Grounds Attachment" at 10)  Trial counsel responded to this allegation as follows:

> The overall theme of the defense presentation in Applicant's Sentencing Hearing was an effort to convince Judge James Wilson that Applicant was a defendant worthy of deferred adjudication.  The subject is mentioned over fifty (50) times in the 221 page Reporter's Record.

(State Habeas R. at 46)

The state habeas court entered findings consistent with counsel's testimony and concluded petitioner had failed to prove that counsel did not move for deferred adjudication.  (*Id.* at 149-158)  The Texas Court of Criminal Appeals denied the claim without written order on the findings of the trial court.

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of

26

the state court's factual findings. Thus, applying the presumption of correctness, the state courts' denial of the claim is not contrary to, or involve an unreasonable application of, *Strickland*. Petitioner presents no evidentiary basis for his claim and the record supports the state's adjudication of the issue. In correspondence to petitioner, counsel explained to petitioner his legal options, his ineligibility for straight probation, and his eligibility for deferred adjudication community supervision. (State Habeas R. at 124-26) Although counsel believed the trial court would unlikely place him on deferred adjudication probation, he nevertheless argued that he believed petitioner would be a "model probationer." (RR, vol. 2, at 216)

In summary, petitioner has failed to demonstrate that trial counsel's representation fell below an objective standard of reasonableness or that but for counsel's alleged acts or omissions, his sentence would have been significantly less harsh. *See Dale v. Quarterman*, 553 F.3d 876, 880 & n.2 (5th Cir. 2008); *Spriggs v. Collins*, 993 F.2d 85, 88-89 (5th Cir. 1993).

**(B) Appellate Counsel**

Petitioner claims appellate counsel was ineffective by failing to investigate the record and raise the following issues

27

on appeal:   (1) the trial court abused its discretion in failing to consider and rule on properly filed motions, (2) the trial court abused its discretion by allowing the state to admit into evidence edited "snippets" of the audiotapes between him and law enforcement officers designed to "inflame" the judge, (3) the trial court denied his right to self-representation and access to the courts, and (4) the state withheld material exculpatory evidence at sentencing.   (Pet'r "Grounds Attachment" at 7-8)

Appellate counsel was not directed to respond to petitioner's claims in the state habeas proceeding, nevertheless, the state habeas court entered the following findings relevant to the claims:

54.  Applicant waived his pre-trial motions when he pled guilty.

55.  Applicant presents no evidence, or allegation, that the record on direct appeal was sufficient to prove ineffective assistance of trial counsel.

56.  Applicant presents no evidence, or allegation, that the record on appeal was sufficient to prove that the State failed to disclose favorable evidence in violation of *Brady*.

57.  There is no evidence that the record was sufficient to demonstrate that the handwritten notes of the police negotiator contained favorable evidence.

58.  There is no evidence that the record was sufficient to demonstrate that the State had

evidence that Applicant didn't commit the Montague County extraneous offense.

59. The unedited version of the recording was admitted as State's Exhibits 5, 6, [and] 7.

60. Applicant presents no evidence, or allegation, that the record on direct appeal was sufficient to prove that Applicant was denied access to the courts.

61. Applicant presents no evidence, or allegation, that the record on direct appeal was sufficient to prove that Applicant was denied his right to self-representation.

(State Habeas R. at 147-48) (citations omitted)

Based on its findings, the state court concluded petitioner had failed to prove his claims, that counsel's performance fell below an objective standard of reasonableness, or that petitioner would have been successful on appeal had counsel raised the claims on appeal. (*Id.* at 156) The Texas Court of Criminal Appeals denied the claim without written order on the findings of the trial court.

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of the state court's factual findings. Thus, applying the presumption of correctness, the state courts' denial of the claims is not contrary to, or involve an unreasonable application of *Strickland*. Appellate counsel is not required to raise every

conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000). It is counsel's duty to choose among potential issues, according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes*, 463 U.S. 745, 749 (1983). A petitioner must show that appellate counsel's failure to raise an issue worked to his prejudice-*i.e.*, that but for counsel's error he would have prevailed on his appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991).

As determined by the state habeas court, petitioner has not satisfied this requirement. He has identified no potentially meritorious points of error that his appellate counsel could or should have included as a part of his appellate brief. Thus, it follows, that counsel was not ineffective for failing to raise the issues on appeal. Prejudice does not result from appellate counsel's failure to assert meritless claims or arguments. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

### (8) Abuse of Discretion

Lastly, petitioner claims the trial court abused its discretion by (1) denying his right to self-representation, (2) failing to investigate his complaints against his trial counsel, (3) failing to rule on properly and timely filed motions by the

30

defense, (4) admitting the edited "snippets" of the audiotapes of the police negotiations into evidence, (5) admitting evidence of extraneous offenses where it was not shown he was guilty of the offenses and sentencing him based on the "inaccurate" information, and (6) failing to conduct a competency hearing, to order a psychological evaluation and I.Q. test. (Pet'r "Grounds Attachment" at 12-13)

The state habeas judge, who, as previously noted, *supra* note 2, did not preside over petitioner's trial, entered the following findings of fact relevant to the issue:

> 105. According to Hon. Cummings, Applicant agreed to withdraw Applicant's pro-se motions for self-representation after talking with Judge Wilson.
>
> 106. Applicant waived all pre-trial motions when he pled guilty.
>
> 107. The unedited recordings were admitted during the Sentencing Hearing as State's Exhibits 5, 6, and 7.
>
> 108. Applicant was not denied access to trial and pre-trial proceedings.
>
> 109. Unadjudicated extraneous offenses were admitted during the sentencing phase.

(State Habeas R. at 151)

Based on its findings, the state court concluded:

> 93. Applicant has failed to prove that the trial court did not properly discuss Applicant's pro se

motions for self-representation with him.

94. Applicant has failed to prove that the trial court should have ruled on Applicant's motions after he expressly waived them by pleading guilty.

95. Applicant has failed to prove that the unedited recordings were not admitted into evidence.

96. Applicant has failed to prove that he was denied access to the trial and pre-trial proceedings.

97. "[TEX. CODE CRIM. PROC. ANN. art. 37.07 §] (a)(1) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deemed relevant to sentencing, including but not limited to . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act . . . ."

98. Unadjudicated extraneous offenses were admissible.

99. Applicant has failed to prove that the trial court erred by allowing evidence of the unadjudicated offenses.

(State Habeas R. at 159-60) (citations omitted)

The Texas Court of Criminal Appeals denied the claims without written order on the findings of the trial court.

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of

the state court's factual findings.[2] Thus, applying the presumption of correctness, the state courts' denial of the claims is not contrary to, or involve an unreasonable application of federal law on the issues. Petitioner's knowing and voluntary guilty plea waives all nonjurisdictional errors by the trial court preceding the plea that do not affect the voluntariness of the plea. *See United States v. Broce,* 488 U.S. 563, 569 (1989). Thus, petitioner's claims (1) through (3), enumerated above, are waived. As to claims (4) and (5), the claims are either refuted by the record, or conclusory and insufficient to support a claim of abuse of discretion. *See Ross*, 694 F.2d at 1011; *Joseph v. Butler,* 838 F.2d 786, 788 (5th Cir. 1988).

---

[2]Petitioner argues there was no evidence to show, beyond a reasonable doubt, that he committed the extraneous offenses, therefore the judge should not have considered the evidence in assessing his punishment. However, the record reflects a computerized criminal history check was completed on petitioner, including the FBI's National Crime Information Center (NCIC), Texas Crime Information Center (TCIC) and local computer data bases, by the supervision officer who prepared the PSI and copies thereof were included with the PSI. (RR, vol. 3, State's Ex. #15) Additionally, although it is not presumed, as a matter of state law, that a trial court will disregard inadmissible extraneous offense evidence in a bench trial, the danger that the trier of fact will consider such evidence for anything other than the limited purpose for which it is admitted is reduced, and the likelihood that the extraneous offense evidence will unfairly prejudice the defendant is diminished. *See Corley v. State*, 987 S.W.2d 615, 621 (Tex. App.–Austin 1999, no pet.)

As to claim (6), and although it was previously determined based on the documentary record that petitioner was mentally competent to stand trial, a more thorough discussion is necessary. The state court does not expressly address petitioner's claim (6) in the context of trial court error, however implicit findings are entitled to the same deference as express determinations of the facts. *Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006). Accordingly, this court presumes the trial court determined it was not necessary to conduct an inquiry, *sua sponte*, into petitioner's competency to stand trial before the plea proceedings or the punishment trial, and petitioner presents no convincing evidence or compelling argument to rebut the presumption of correctness of the state court's implicit factual findings.

The conviction of a legally incompetent defendant violates constitutional due process. *Pate v. Robinson,* 383 U.S. 375, 378 (1966); *Mata v. Johnson,* 210 F.3d 324, 329 (5th Cir. 2000). The test of incompetency is whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960); *Bouchillon v.*

*Collins,* 907 F.2d 589, 592 (5ᵗʰ Cir. 1990). State procedures must be adequate to insure the right to be tried while competent. *Pate v. Robinson,* 383 U.S. 375, 378 (1966). A court must *sua sponte* conduct an inquiry into a defendant's mental capacity if the evidence raises a bona fide doubt as to the defendant's competency at that time. *Id.; Drope v. Missouri,* 420 U.S. 162, 180 (1975). In determining whether there is a "bona fide doubt" as to the defendant's competence, the court considers: (1) any history of irrational behavior, (2) the defendant's demeanor at trial, and (3) any prior medical opinion on competency. *Id.*

The test is an objective one. *Pedrero v. Wainright,* 590 F.2d 1383, 1388 (5ᵗʰ Cir. 1979). The question is: Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense. The competency standard in guilty plea cases is identical to the competency standard to stand trial. *Godinez v. Moran,* 509 U.S. 389, 398-99 (1993).

If the trial court receives evidence, viewed objectively, that should have raised a reasonable doubt as to competency, yet

failed to make further inquiry, the defendant has been denied a fair trial. *Id.* It should be noted, however, that deference must be given to a state court's decision on the need for a competency hearing. *United States v. Williams,* 819 F.2d 605, 607 (5th Cir. 1987) (noting that the Supreme Court had reversed a decision of the Fifth Circuit which did not grant sufficient deference to a state court decision in *Maggio v. Fulford,* 462 U.S. 111 (1983)). In a federal habeas corpus proceeding stemming from a state court conviction, the burden is on the petitioner to prove by a preponderance of the evidence that he was incompetent. *Bouchillon,* 907 F.2d at 592.

Although there was evidence introduced at the punishment trial that petitioner has a long history of substance abuse and suffers from bi-polar disorder, there is nothing whatsoever in the record indicating that he was incapable of consulting with trial counsel or did not understand the proceedings on the day of the plea proceedings or the day of his trial on punishment. (RR, vol. 2 at 113 & vol. 3, State's Ex. #15) Based on petitioner's and his trial counsel's averments in the written admonishments and, based on petitioner's demeanor, at both the plea proceedings and his trial on punishment, the trial court apparently believed there was strong indicia of petitioner's competency. Petitioner

has failed to demonstrate objective facts known to the trial court which would have signaled any doubt as to his competency.

## VI. Evidentiary Hearing

Petitioner requests an evidentiary hearing for purposes of further developing the record in support of his claims. 28 U.S.C. § 2254(e)(2). Section 2254(e)(2) provides:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
>> (A) the claim relies on-
>>
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S. § 2254(e)(2).

Petitioner has not met the statutory criteria. The case can be decided on the record, and the interests of justice do not

require a hearing. Further development of the record is not necessary in order to assess the claims.

In conclusion, the state courts' adjudication of the claims presented does not appear contrary to or involve an unreasonable application of federal law as determined by the Supreme Court in light of the record as a whole and is entitled to deference and the presumption of correctness.

For the reasons discussed herein,

The court ORDERS petitioner's motion for an evidentiary hearing and petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253©, for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, aspetitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED October _____, 2010.

_____
JOHN McBRYDE
United States District Judge

38